UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 9:12-cv-80512-KMW

MALIBU MEDIA, LLC.

    Plaintiff

vs

                                  DEFENDANT'S ANSWER AND AFFIRMATIVE
                                  DEFENSES TO THE AMENDED COMPLAINT

RYAN RUBIN,

    Defendant
_____/

COMES NOW DEFENDANT, Ryan Rubin, by and through the undersigned attorney and hereby files this his Answer and Affirmative Defenses to the Amended Complaint of Plaintiff, Malibu Media LLC as follows:

1. Defendant avers that paragraph 1 of the amended complaint states a legal conclusion that does not require a response.

2. Denied.

3. Defendant lacks sufficient knowledge as to the allegation in Paragraph 3 and therefore denies same.

**Jurisdiction and Venue**

4. Defendant admits that this Court has jurisdiction over actions pursuant to 28 U.S.C. §§ 1331 and 1338, but otherwise denies the allegations contained in paragraph 4.

5. Denied.

6. Defendant admits that he resides in the State of Florida, but otherwise denies the allegations

in Paragraph 6.

## Parties

7. Defendant lacks sufficient knowledge as to the allegation in Paragraph 7 and therefore denies same.

8. Defendant admits that he is a resident of the State of Florida but otherwise denies the allegations in paragraph 8.

9. Defendant lacks sufficient knowledge as to the allegation in Paragraph 9 and therefore denies same.

## Factual Background

10. Defendant lacks sufficient knowledge as to the allegation in Paragraph 10 and therefore denies same.

11. Defendant lacks sufficient knowledge as to the allegation in Paragraph 11 and therefore denies same.

12. Defendant lacks sufficient knowledge as to the allegation in Paragraph 12 and therefore denies same.

13. Defendant lacks sufficient knowledge as to the allegation in Paragraph 13 and therefore denies same.

14. Defendant lacks sufficient knowledge as to the allegation in Paragraph 14 and therefore denies same.

15. Defendant lacks sufficient knowledge as to the allegation in Paragraph 15 and therefore denies same.

16. Defendant lacks sufficient knowledge as to the allegation in Paragraph 16 and therefore denies same.

17. Defendant lacks sufficient knowledge as to the allegation in Paragraph 17 and therefore

denies same.

18. Defendant lacks sufficient knowledge as to the allegation in Paragraph 18 and therefore denies same.

19. Defendant lacks sufficient knowledge as to the allegation in Paragraph 19 and therefore denies same.

20. Defendant lacks sufficient knowledge as to the allegation in Paragraph 20 and therefore denies same.

21. Defendant lacks sufficient knowledge as to the allegation in Paragraph 21 and therefore denies same.

22. Defendant lacks sufficient knowledge as to the allegation in Paragraph 22 and therefore denies same.

23. Denied.

## Miscellaneous

24. Defendant lacks sufficient knowledge as to the allegation in Paragraph 24 and therefore denies same.

25. Defendant lacks sufficient knowledge as to the allegation in Paragraph 25 and therefore denies same.

## COUNT I

26. Defendant adopts its response to Paragraphs 1-25 and thus responds to Paragraph 26.

27. Defendant lacks sufficient knowledge as to the allegation in Paragraph 27 and therefore denies same.

28. Denied.

29. Defendant lacks sufficient knowledge as to the allegation in Paragraph 29 and therefore denies same.

30. Denied.

31. Denied.

32. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### Declaratory Judgment

33. Plaintiff incorrectly alleges that Defendant willfully infringed its exclusive rights under federal copyright law. Defendant has not violated any exclusive rights held by Plaintiff and has not infringed upon Plaintiff's asserted copyrights. Defendant did not carry out the alleged infringement alleged by the Plaintiff in the complaint, thus, Defendant denies the allegations of copyright raised by the Plaintiff.

34. Defendant is entitled to a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

### SECOND DEFENSE
### Rule 12(b)(6), Fed. R. Civ. P.

35. Plaintiff has failed to state a claim upon which relief may be granted against Defendant because the Amended Complaint admits that Plaintiff cannot definitively identify the Defendant, but rather bases its claim on Defendant as "the most likely infringer" Am. Compl. At ¶22.

36. Because the Plaintiff is unable to allege that Defendant actually committed a volitional act of infringement Plaintiff wrongfully sues the Defendant in this case.

### THIRD DEFENSE
### Failure to Join an Indispensible Party

37. Defendant asserts the affirmative defense of failure to join an indispensible party, in that Defendant did not engage in any of the downloading and/or infringement alleged by

Plaintiff.  Plaintiff failed to include the individual(s) who allegedly engaged in the downloading in question and who is/are indispensible parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure, and for such failure, Plaintiff's Complaint should be dismissed with prejudice as to Defendant.

## FOURTH DEFENSE
### Innocent Infringement

38. Notwithstanding any other defenses disclosed herein, or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under thie law because his accessing of any content would not have been willful and instead in good-faith.

## FIFTH DEFENSE
### Barring of Statutory Damages and Attorney's Fees

39. Plaintiff's claim for statutory damages is barred by the U.S. Constitution amongst other rights, the Fifth Amendment right to due process bars Plaintiff's claim.  Due process prohibits an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages.

40. Pursuant to applicable law concerning whether statutory damages are constitutional and to what extent Plaintiff's recovery, if any, must necessarily have a reasonable relationship to the Plaintiff's alleged actual damages caused by the alleged infringement.

## SIXTH DEFENSE
### License, Consent, and Acquiescence

41. Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via BitTorrent, including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent swarm.

## SEVENTH DEFENSE
## Unclean Hands

42. Plaintiff's claims are barred by the doctrine of unclean hands, including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent swarm.

## EIGHTH DEFENSE
## Injunctive Relief

43. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.

## NINTH DEFENSE
## Estoppel

44. Plaintiff's claims are barred by estoppel because Plaintiff authorized use via BitTorrent, including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent swarm.

## TENTH DEFENSE
## Waiver

45. Plaintiff's claims are barred by waiver, because Plaintiff authorized use via BitTorrent including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent swarm.

## ELEVENTH DEFENSE
## Forfeiture or Abandonment

46. Plaintiff's claims are barred to the extent that it has forfeited or abandoned its intellectual property by authorizing use via BitTorrent, including Plaintiff's or Plaintiff's agents' participation in the alleged BitTorrent swarm.

## TWELFTH DEFENSE
## Lack of Originality

47. Plaintiff's alleged works lack originality and are thus not protectable by copyright.

## THIRTEENTH DEFENSE
## Invalid or Unenforceability of Copyright

48. Plaintiff's copyrights are invalid and/or unenforceable.

## FOURTEENTH DEFENSE
### Failure to Mitigate Damages

49. Plaintiff has made no attempts to either secure their work against copyright infringement nor made any attempts to mitigate any actual or perceived damages, and indeed contributed to the alleged damages by participating, either directly or through its agent in the alleged BitTorrent swarm.

## FIFTEENTH DEFENSE
### De Minimis Non Curat Lex

50. Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of *de minimis non curat lex* (the law cares not for trifle) or *de minimis use*.

### RESERVATION OF RIGHTS and REQUEST FOR ATTORNEY's FEES

51. Pursuant to Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's Answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

52. Defendant requests attorney's fees and costs pursuant to 17 U.S.C. §505.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

s/Richard M. Viscasillas
Richard M. Viscasillas, Esq.
Movant's Fla. Bar ID # 829900
Richardvpa@gmail.com
Richard M. Viscasillas, Esq.
3400 NE 192 Street # 508
Aventura, FL 33180
Tel: 954-663-4969/FAX: 954-333-3635
*Attorney for Ryan Rubin*

I HEREBY CERTIFY that a copy of the foregoing Answer and Affirmative Defenses was served via CM/ECF electronic service on this 16th day of November, 2012, on all counsel or parties of record on the service list.

<u>s/Richard M. Viscasillas</u>
Richard M. Viscasillas, Esq.

SERVICE LIST
MALIBU MEDIA Inc. v. John Doe 1-13
Case no.: 9:12-cv-80512-KMW
United States District Court, Southern District of Florida
Miami Division

M. Keith Lipscomb (429554)
klipsomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*